### DICKINSON v. BROWN.

(Supreme Court, Appellate Term. June 28, 1906.)

LANDLORD AND TENANT—RENEWAL LEASES—ADVANCE IN RENT.

    A tenant who had occupied a store and two apartments under the same lease, at the expiration of such lease took a new lease, covering specifically the store. and making no mention of the apartments. *Held*, that this did not show that the apartments were covered by the new lease, so as to prevent an advance in the rent thereof during the term of such lease.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Summary proceedings by Patrick F. Dickinson, landlord, against John J. Brown, tenant. From a final order in favor of the tenant, the landlord appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

David McClure (Joseph Garrison, of counsel), for appellant.

Bernard L. Wenge (J. J. K. O'Kennedy, of counsel), for respondent.

PER CURIAM. This is a proceeding to recover the possession of two apartments. Under a former lease, expiring in November, 1903, defendant held a large store and the two apartments. In November, 1903, a new written lease was made, covering specifically the store, and making no mention of the two apartments. The landlord notified the tenant of an advance in the rent for the apartments. The tenant refused to pay, claiming that the apartments were covered by the new written lease running from November, 1903, to November, 1908. The lease speaks for itself, and does not warrant this conclusion. The court dismissed the proceeding, on the ground that the testimony of Taylor, the agent, showed that the apartments were under the same lease as the store. It appears, however, that all Taylor showed was that prior to November, 1903, defendant paid rent for both apartments and store, which is not denied by plaintiff.

The order should be reversed, and a new trial granted, with costs to appellant to abide the event.